**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: **09-CV-60987-Zloch-Rosenbaum**

GKI MARKETING GROUP, INC.,
a Florida Corporation,

      Plaintiff,

vs.

UNGERBOECK SYSTEMS
INTERNATIONAL, INC., a Missouri
Corporation

      Defendant.

_____/

```
FILED by   VT    D.C.
ELECTRONIC

July 6, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## NOTICE OF REMOVAL

Defendant, Ungerboeck Systems International, Inc. ("USI"), hereby notifies this Court

that it is removing the above-styled civil action from the Circuit Court of the Seventeenth

Judicial Circuit in and for Broward County, Florida to the United States District Court for the

Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support thereof,

Defendant states as follows:

      1.     This action is being removed to federal court, pursuant to 28 U.S.C. §§ 1332

and 1441, on the basis of diversity of citizenship, which exists between the parties.  Plaintiff

GKI Marketing Group, Inc. ("GKI") filed suit against Defendant USI, styled *GKI Marketing*

*Group, Inc. v. Ungerboeck Systems International, Inc.*; Case No. 090-29021 in the Circuit

Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State

Court Lawsuit").  In the State Court Lawsuit, GKI asserts claims for fraud in the inducement

(Count I) and action for rescission and restitution (Count II).

2.      USI received service of process in the State Court Lawsuit on June 4, 2009. Pursuant to 28 U.S.C. § 1446(a), copies of the state court pleadings are attached hereto as Composite Exhibit "A." No other processes, pleadings, motions, orders, or other papers are contained within the state court's file as of the date of this filing.

3.      This Notice of Removal is being filed on July 6, 2009, within thirty-one days of USI's receipt of the Complaint. Sunday, July 5, 2009 was the thirtieth day following the date of service. Pursuant to *Federal Rule of Civil Procedure 6(a)(3)*, when the last day of the period is a Saturday or Sunday, the last day is excluded and the period runs until the end of the next day that is not a Saturday or Sunday. The Complaint is the initial pleading setting forth the claims for relief upon which the State Court Lawsuit is based. Thus, pursuant to 28 U.S.C. §1446(b), the time for filing this Notice of Removal has not expired.

4.      In accordance with 28 U.S.C. §1446(d), USI has contemporaneously filed a copy of this Notice of Removal (with exhibits) with the Clerk of the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

5.      In accordance with 28 U.S.C. § 1446(d), USI has given written notice to GKI by contemporaneously serving this Notice of Removal, as well as the Notice of Filing Notice of Removal, on counsel for GKI.

6.      USI has paid the required removal fee to the Clerk of the Court.

7.      Defendant USI is a corporation organized under the laws of Missouri with its principal place of business and corporate headquarters in Dardenne Prairie, Missouri. Thus, USI is a citizen of Missouri. *See* 28 U.S.C. §1332(c)(1).

8.      GKI is a Florida corporation, which, according to the allegations of the

Complaint, maintains its registered office in Broward County, Florida. (*See* Compl., ¶1.) Therefore, GKI is a citizen of Florida for purposes of diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). To the extent that GKI disputes that it is a citizen of Florida, USI respectfully request that it be permitted to conduct limited discovery on the issue of GKI's citizenship.

9.     Because GKI is a citizen of Florida and USI is a citizen of Missouri, diversity of citizenship exists between the parties pursuant to 28 U.S.C. §1332(a)(i).

10.    GKI has not expressly set forth in its Complaint the precise amount that it seeks in damages.

11.    In the Complaint, GKI does allege that its damages exceed $15,000.00. (*See* Compl., ¶ 4(a).)

12.    Elsewhere in the Complaint, GKI alleged that it paid USI "tens of thousands of dollars" in licensing fees. (*See* Compl., ¶¶ 28, 35.)

13.    In addition, GKI alleges that, as result of USI's alleged fraudulent conduct, it incurred "over $14,000.00 in hardware purchases and loss of dozens of hours of employee time." (*See* Compl., ¶ 23.)

14.    Further, GKI alleges in Count I of the Complaint that it is "entitled to a return of all funds paid [to USI]," and "Plaintiffs (sic) are entitled to treble damages for the fraudulent actions of Defendants (sic) as set forth above." (*See* Compl., ¶¶ 22, 23.)

15.    In addition, GKI alleges in Count II of the Complaint that it is "entitled to restitution of all funds paid [to USI]." (*See* Compl., ¶36.)

16.    GKI has paid USI in excess of $75.000.00 in license fees. (*See* Affidavit of

Douglas Archibald, attached hereto as Exhibit "B.")

17.    While USI disputes that GKI is entitled to any damages or other amounts, the Complaint demonstrates that UKI is seeking damages in excess of $75,000.00, exclusive of interest and costs, and the amount in controversy in this dispute exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §1332(a); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (holding that, where plaintiff fails to specify the amount of damages, defendant may nonetheless remove), overruled on other grounds by *Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). If GKI challenges this Court's subject matter jurisdiction based on the amount in controversy, USI respectfully requests that it be allowed to conduct jurisdictional discovery. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

18.    This Court has original jurisdiction in this action under 28 U.S.C. §1332 because (i) there is diversity of citizenship between the parties, and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, as the State Court Lawsuit is pending in Broward County, USI is entitled, pursuant to 28 U.S.C. §1441, to remove this action to the United States District Court for the Southern District of Florida.

Respectfully submitted this 6th day of July, 2009.

> **GRAYROBINSON, P.A.**
> Counsel for Defendant
> 401 E. Las Olas Blvd. Suite 1850
> Ft. Lauderdale, FL 33301
> Telephone: (954) 761-8111
> Facsimile: (954) 761-8112
>
> By:
> Howard M. Camerik
> Florida Bar No.: 703435
> Howard.camerik@gray-robinson.com
> Ronald J. Tomassi, Jr.
> Florida Bar No.: 029751
> Ronald.tomassi@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via

facsimile and U.S. mail this 6th day of July, 2009 to Paul J. Lane, Esq., PAUL J. LANE, P.A.,

Counsel for Plaintiff, 2755 E. Oakland Park Blvd., Fort Lauderdale, FL 33306

Ronald J. Tomassi, Jr.

# 464268  v1 5

# COMPOSITE EXHIBIT A

June 4, 2006

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GKI MARKETING GROUP, INC., a Florida
Corporation,
     Plaintiffs,

                       CASE NO.

vs.

UNGERBOECK SYSTEMS
INTERNTATIONAL, INC., a Missouri
Corporation,
     Defendants.

_____/

**S U M M O N S**

**THE STATE OF FLORIDA:**

     To All and Singular the Sheriffs of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint action on:

UNGERBOECK SYSTEMS INTERNATIONAL, INC.
By Serving Registered Agent
DIETER K. UNGERBOECK
229 Toussaint Landing Drive
Dardenne Prairie MO 63368

Each Defendant is required to serve written defenses to the Complaint or Petition on
Plaintiff's Attorney:

PAUL J. LANE, ESQ.
2755 E. Oakland Park Blvd., Suite 300
Ft. Lauderdale, Fl. 33306

within thirty (30) days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this Court either before service on
Petitioner's attorney or immediately thereafter. If a Defendant fails to do so, a default will be
entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on _____    MAY 20 2009

MICHAEL CORSANO
As Clerk of the Court

As Deputy Clerk
TRUE COPY
Circuit Court Seal

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GKI MARKETING GROUP, INC., a Florida
Corporation,
     Plaintiffs,

                        CASE NO.                        09 20021

vs.

                                       **02**

UNGERBOECK SYSTEMS
INTERNTATIONAL, INC., a Missouri
Corporation,
     Defendants.
_____/

**II. TYPE OF CASE**

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| __ Simplified dissolution | __ Professional Malpractice | __ Contracts |
| __ Dissolution | __ Products liability | __ Condominium |
| __ Support - IV-D | __ Auto negligence | __ Real property/ |
| __ Support - Non IV-D | __ Other negligence |     Mortgage  Foreclosure |
| __ UIFSA - IV-D | | __ Eminent domain |
| __ UIFSA – Non IV-D | | __ Challenge to Proposed |
| __ Domestic violence | |     Constitutional Amendment |
| __ Other Domestic Relations | | X_ Other |
| | | __ Eviction |
| | | __ Small Claims |

**III. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    **X_** YES

    __ NO

DATE: May 20, 2009

                    PAUL J. LANE, Esq.
                    Attorney for Defendants
                    2755 E. Oakland Park Blvd., Ste 300
                    Ft. Lauderdale, Fl. 33306
                    (954) 566-0004
                    By_____
                    PAUL J. LANE, ESQ
                    FBN 292842

2009 MAY 20  PM 3: 22

CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA

CIRCUIT CIVIL

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

GKI MARKETING GROUP, INC., a Florida
Corporation,

      Plaintiffs,

                             CASE NO. _____

vs.

UNGERBOECK SYSTEMS
INTERNTATIONAL, INC., a Missouri
Corporation,

      Defendant.

_____/

## COMPLAINT WITH JURY DEMAND

    COMES NOW Plaintiff, GKI MARKETING GROUP, INC. by and through its

undersigned attorney, and file this Complaint against Defendant, UNGERBOECK SYSTEMS

INTERNATIONAL, INC., as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

    1.     This is an action at law for damages that exceed $15,000.00 exclusive of costs and

fees.

    2.     Plaintiff is a Florida Corporation with its registered Office in Broward County, Fl.

    3.     Defendant is a Missouri Corporation, with its registered Office in St. Charles

County, Missouri.

    4.     Broward County, Florida has jurisdiction over this matter for the following

reasons:

           a.     The Circuit Court has exclusive jurisdiction as the matter at law exceeds

              $15,000.00 and the action includes a claim in equity of which this Court

              has exclusive jurisdiction.

           b.     Defendant is subject to the long arm jurisdiction of this court as Defendant

              has committed fraudulent acts in Florida by sending faxes, e-mails,

              telephonic communications, and personal visits to Florida as part of the

              fraud alleged.

1

5.    All conditions precedent have been complied with or are waived.

6.    Defendant sells software to businesses and represented itself to Plaintiff, through faxes, e-mails, telephone conversations and personal visits to Florida, as expert in software created specifically for Destination Management companies such as Plaintiff.

## COUNT I

### Cause of Action for Fraud in the Inducement

7.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 6 above.

8.    Plaintiff was seeking an inventory program and located Defendant's web page from which it made an inquiry.

9.    Defendant responded to the inquiry, contacted Plaintiff, and requested information as Plaintiff's business stating such information was needed so as to provide the correct inventory package.

10.    Plaintiff advised Defendant's representative that it was in the Destination Management business, which business plans trips and creates venues for corporate functions in and outside the United States.

11.    Shortly thereafter, one of Defendant's representatives solicited Plaintiff by fax, e-mail and telephone, to purchase licenses for extensive software programs well beyond the simple inventory program Plaintiff was initially inquiring about.

12.    In order to induce Plaintiff to acquire its software, Defendant contacted Plaintiff by fax, e-mail and telephone to advise Plaintiff that Defendant was expert in Destination Management software and that eight Destination Management companies were currently successfully using the software.

13.    Defendant further induced Plaintiff to enter into a license agreement for such Destination Management software, and to expend a substantial amount of money on such software, by representing its software was specifically tailored for Plaintiff's type of business, and Defendant's representatives repeated such representations after a review of Plaintiff's business operations.

14.    After obtaining and reviewing information on Plaintiff's operations, Defendant confirmed its software was tailored for Plaintiff's type of business and that it was providing

2

software to other Destination Management companies and had the appropriate software, which induced Plaintiff to pay a substantial amount of funds for such software.

15.     In order to induce Plaintiff to continue making payments for software that was never delivered, and additional payments for training, Defendant sent a representative down on what was promised to be a training session on the software, but which turned out to be nothing more than further information gathering, wasting Plaintiff's employees time. Such representative did not provide completed software for training.

16.     The fax, e-mail, telephone and personal attendance in Florida constituted false representations by Defendant, as follows:

      a.     Defendant misrepresented that it had already created Destination Management software that was currently being successfully used by eight Destination Management companies with operations similar to Plaintiff.

      b.     Defendant misrepresented that it was currently working with several Destination Management companies and that there was no problem integrating Plaintiff's operations to work with Defendant's software.

      c.     Defendant misrepresented that it had completed software for training.

      d.     Defendant misrepresented that its software could perform the multi location inventory function.

      e.     Defendant misrepresented that its software could create the preliminary invoices which it confirmed were an integral part of the required documentation.

      f.     Defendant misrepresented that its financial package, which Plaintiff was induced to purchase at additional cost, could be integrated into Plaintiff's operations.

17.     At the time made the above representations to Plaintiff, asserting such representations by e-mails, faxed documents, telephone calls and personal visits to Florida, Defendant knew such representations to be false.

18.     Defendant made such false representations solely for the purpose of inducing Plaintiff to enter into licensing agreements and pay tens of thousands of dollars for software that was inappropriate and unusable by Plaintiff.

3

19.     Plaintiff lost dozens of hours of its own personnel time for what Defendant represented would be 'training' sessions on its software, but what were merely further attempts by its representatives to lead Plaintiff to believe that Plaintiff's information was being integrated into Defendant's software and that such software would greatly enhance Plaintiff's operations.

20.     After two years Plaintiff since being induced to enter into a license agreement, Plaintiff has still had not received useable software.

21.     Plaintiffs relied on the false representations of Defendant in entering into a license agreement and paying substantial sums to Defendant for the software as represented.

22.     By reason of the fraudulent inducement of Defendants, the license and purchase agreements executed in reliance on such representations are null and void, and Plaintiff is entitled to a return of all funds paid.

23.     Plaintiffs were further damaged by Defendants fraudulent representations by the costs associated with the software, including over $14,000.00 in hardware purchases and loss of dozens of hours of employee time.

24.     Upon proffer of evidence, Plaintiffs are entitled to treble damages for the fraudulent actions of Defendants as set forth above.

WHEREFORE, Plaintiff request Judgment against Defendants for damages, costs and upon proffer of evidence, treble damages.


## COUNT II

Cause of Action for Rescission and Restitution

25.     Plaintiff repeats and realleges the allegation made in Paragraph 1 through 24, above.

26.     Prior to entering into the license agreement for Defendant's software attached hereto Exhibit "1", Defendant represented to Plaintiff that the software was being successfully used in eight other Destination Management companies and would integrate all of the information contained in different forms used by Plaintiff into a single database for information to be used in all of its forms.

27.     At the time Defendant made such representations to Plaintiff, Plaintiff had been operating its business for almost twenty years and had already created and was using all of the

4

forms necessary for its operations, but was seeking inventory software that would account for inventory in three different locations.

28.     In consideration for Plaintiff paying tens of thousands of dollars to Defendant, Defendant was to license to Plaintiff software that could not only account for inventory at three locations, but which would seamlessly prepare the forms used by Plaintiff from a single database of information.

29.     Plaintiff did not require new software to operate its business at the time it entered into a license agreement with Defendant, but was seeking the ability to manage inventory at three locations and to seamlessly prepare its forms form a single database.

30.     Defendant misrepresented that the software which was being licensed to Plaintiff could manage inventory at three locations and to seamlessly prepare its forms form a single database.

31.     In fact after two years Defendant first collected payment for the software license, Plaintiff has not received the completed software and continues to use the software it had in place prior to the license with Defendant.

32.     Defendant was unable to provide training as each time Defendant's trainer came to Florida for training, he merely advised that the product was not able to perform the necessary tasks, and merely spent the time compiling information as to how the program needed to work for a Destination Management company, and get the program to perform such tasks, but no such useable program was ever provided.

33.     Defendant finally acknowledged that its inventory program could not manage the three locations as necessitated by Plaintiff, and could do nothing more than the program Plaintiff had previously been using.

34.     Defendant was unable to provide information as to any Destination Management company using its program so that Plaintiff could see how the program was supposed to work with a Destination Management company.

35.     As after two years Plaintiff is still using its original programs, Defendant has provided no consideration in exchange for the tens of thousands of dollars received from Plaintiff, and the license agreement fails for lack of consideration.

36.     By reason of the lack of consideration, the license agreement is null and void, and plaintiff is entitled to restitution of all funds paid.

5

WHEREFORE, Plaintiff request Judgment against Defendants for damages, costs and such other and further relief which to this court appears proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

PAUL J. LANE
Attorney for Plaintiff
2755 E. Oakland Park Blvd.
Suite 300
Ft. Lauderdale, FL 33306
954/566-0004

By: _____
PAUL J. LANE, ESQ.
FBN 292842

6

Integrated
Event Business
Management Software

## EBMS Software License Agreement

This Software License Agreement between Ungerboeck Systems International (USI) and Sunbound (CLIENT), sets forth the terms and conditions under which USI will license to CLIENT the use of software products (SOFTWARE) including:

A) The computer programs identified in the attached INVESTMENT SUMMARY Nr. 32946 dated August 3, 2006, and associated documentation, and

B) any enhancements and corrections (UPGRADES) of programs and documentation which USI makes available hereunder.

**1. OWNERSHIP:** CLIENT acknowledges that the SOFTWARE is the sole property of USI or its licensors, and the CLIENT shall gain no right, title or interest in the SOFTWARE by virtue of this Agreement other than the non-exclusive right of use granted herein.

**2. LICENSE** In consideration of CLIENT's payment of the license fee specified in the attached INVESTMENT SUMMARY, USI grants to CLIENT a perpetual, non-transferable license to use the SOFTWARE for internal business management purposes.

**3. MAINTENANCE AND SUPPORT SERVICES:** During the first ninety days after installation (the SOFTWARE installation date is the date on which the SOFTWARE is first loaded on the licensed Computer), USI shall provide to CLIENT at no additional charge:

3.1. Such UPGRADES as are generally released by USI to all customers holding current Maintenance and Support agreements.

3.2. Electronic customer support for general system trouble shooting, loading of software modifications and enhancements.

3.3. Toll-free telephone support services Monday through Friday, except on holidays observed by USI - during the following hours:

- **North America:** 6:00 a.m. to 10:00 p.m. US Central Standard Time (CST ) at 800 400 4052
- **Europe:** 8:00 am – 05:00 pm Central European Time (CET) at + 00 800 3267 4357
- **Australia:** 9:00 a.m. to 5:30 p.m. Australian Eastern Standard Time (AEST), locally at 1 800 80 80 53,
- **Asia-Pacific:** 9:00 a.m. to 5:30 p.m. Australian Eastern Standard Time (AEST), locally at + 00 800 4357 3267

3.4. Emergency assistance via toll-free international telephone service to USI St. Louis at + 00 800 3267 4357, available 24 hours per day, 7 days per week.

3.5. Access to USI's internet-based User Forum at WWW.ungerboeck.com

3.6. Attendance at the regional and international User Conferences (however, some of these conferences are also subject to registration fees).

After ninety days CLIENT shall be entitled to continue maintenance and support services upon execution of the EBMS Software Maintenance Agreement and payment to USI of an annual maintenance fee of fifteen percent (15%) of the list license fee then charged to new customers for the then current version of the products identified in the attached INVESTMENT SUMMARY.

However, the annual fee for maintenance and support services for the first three (3) years shall not increase per year by more than five percent (5%), or the increase in the US Consumer Price Index, whichever is higher.

If CLIENT allows maintenance to lapse, it may thereafter renew maintenance by paying USI the then current maintenance fees plus a reinstatement fee equal to the omitted maintenance fees plus compound interest of ten (10) percent per annum.

However, USI shall provide written notice of CLIENT's delinquency on maintenance payments. Only if CLIENT fails to make such delinquent payments within 30 days, the maintenance coverage shall be deemed to have lapsed.

**4. SERVICES EXCLUDED:** This agreement covers only the right to use the SOFTWARE. Any related services (including installation, training, implementation assistance, custom programming, and integration of upgrades) may be procured by separate contract with USI.

This agreement does NOT include any licenses, training, installation, maintenance and ongoing support of integrated third-party products (including Microsoft Office, SQL Server, Crystal Reports, etc.) unless specifically stated herein.

Any SOFTWARE modifications or enhancements performed by USI specifically on behalf of the CLIENT, whether paid for by CLIENT or not, remain the property of USI and may at USI sole discretion be incorporated into or withheld from the software

| ♦ St. Louis | ♦ Karlsruhe | ♦ London | ♦ Paris | ♦ Sydney | ♦ Hong Kong | www.ungerboeck.com |
|---|---|---|---|---|---|---|
| +1 636-688-3000 | +49 721-355-01-0 | +44 20-7872-5596 | +33 1-53-01-11-06 | +61 2 8209-4937 | +852 2503-1201 | marketing@ungerboeck.com |

*Exhibit "1"*

EBMS Software License Agreement (cont.)                    Page 2 of 3

generally made available to USI's other clients.

**5. CONFIDENTIALITY:** CLIENT acknowledges that the information contained in the SOFTWARE is confidential and contains trade secrets belonging to USI or USI's licensor(s). Therefore, CLIENT shall implement all reasonable measures necessary to safeguard USI's ownership and confidentiality of the SOFTWARE, including without limitation:

a) to allow its employees and third parties access to the SOFTWARE only to the extent necessary to permit the performance of their services to CLIENT and to require that they agree to comply with the provisions of this Section.

b) not to permit the removal or alteration of copyright or confidentiality labels or notices contained in the SOFTWARE.

c) not to disassemble or reverse engineer the SOFTWARE.

d) and not to duplicate or reproduce the SOFTWARE, except that CLIENT may make copies for backup and recovery purposes, user training and testing of software updates.

**6. WARRANTY:** USI warrants to CLIENT for twelve(12) months from the date of software installation that the SOFTWARE shall function substantially in accordance with the related user documentation provided by USI.

USI further warrants that the SOFTWARE does not contain, nor will future releases thereof contain any disabling devices which could be capable of intentionally impairing CLIENT's use of the SOFTWARE.

USI also warrants that it does not violate any US or international copyrights or patents.

USI's sole obligation in respect of a breach of the foregoing warranty shall be to modify or replace the SOFTWARE so as to correct the defective performance; the warranty period extends automatically to the completion of such modification or replacement.

CLIENT shall give USI prompt written notice of any claims by third parties under the foregoing warranties. USI shall have sole control and bear the entire cost of the defense of any infringement claim and negotiations for the settlement thereof.

Neither of the foregoing warranties shall apply to the extent that any alleged infringement or defect derives from a combination of the SOFTWARE with any program, equipment or device not supplied or recommended by USI in the case of a modification or customization of the SOFTWARE by or on behalf of CLIENT or in the event of CLIENT's failure to install promptly any updates or upgrades provided by USI under this agreement.

**7. DISCLAIMER OF OTHER WARRANTIES:** Except as provided in Section 6, all warranties, conditions, representations and guarantees whether expressed or implied, are hereby excluded, superseded and disclaimed.

**8. REMEDY LIMITATIONS:** In no event shall USI be liable for any consequential, indirect or special damages, except only in the case of personal injury where and to the extent applicable law imposes such liability.

USI's liability for damages shall in any event be limited to the aggregate license and maintenance fees received by USI from CLIENT under this agreement.

**9. ESCROW:** USI agrees to deposit the then most current SOFTWARE source code and associated support materials at least once per year with a reputable software escrow agent for possible release to REGISTERED LICENSEEs.

CLIENT may at any time elect to become a REGISTERED LICENSEE by filing the prerequisite REGISTERED LICENSEE form and paying the associated annual Escrow Registration fees.

The source code may be used by CLIENT only if USI discontinues the ongoing support of software. In that event, CLIENT may acquire a perpetual, non-exclusive license by paying to USI an amount of US$ 1.00 to use the source code for the purpose of maintaining, supporting and modifying the software for its internal uses only.

**10. TERMINATION:** USI shall have the right to terminate this agreement for cause upon thirty (30) calendar days written notice if CLIENT breaches any of its obligations under this agreement. CLIENT shall have the above thirty (30) days to cure the breach. Otherwise, CLIENT shall, upon the effective date of such notice or upon ceasing to use the SOFTWARE, whichever is earlier, purge all SOFTWARE from the licensed computer and all other computer systems, storage media and other files, return to USI any copies of the SOFTWARE, and certify to USI in writing that it has complied with the foregoing obligations and has not provided total or partial copies of the SOFTWARE to any third party.

The expiration or termination of this agreement for any reason shall not extinguish or diminish CLIENT's obligation under Section 6 to maintain the confidentiality of the SOFTWARE, which obligation is continuing and shall survive termination of this agreement.

**11. ASSIGNMENT:** This agreement is personal to CLIENT and neither this agreement nor any of CLIENT's rights or duties hereunder shall be assigned, sub-licensed, sold or otherwise transferred by CLIENT, including to any successor-in-interest to

EBMS Software License Agreement (cont.)                     **Page 3 of 3**

CLIENT's rights in the Licensed Computer, without USI's prior written consent, which shall not be unreasonably withheld.

**12. GOVERNING LAW**: This agreement shall be governed by and interpreted in accordance with the laws of the state of Missouri.

**13. PAYMENTS**: CLIENT shall pay the license fee specified in the attached INVESTMENT SUMMARY in accordance with the following payment terms:

   50% (fifty percent) of license fees upon execution of this license agreement
   50% (fifty percent) of license fees within ten (10) days of software installation date

CLIENT shall pay the first Annual Maintenance and Support fee ninety (90) days after the software installation date.

USI's Implementation, Consulting and Custom Report services will be billed monthly as incurred and shall be paid within 10 days of invoice receipt.

Alternatively, CLIENT may procure these services via prepaid Bronze, Silver or Gold Service Packs offering substantial discounts as described in the attached INVESTMENT SUMMARY

**14. EFFECTIVE DATE**: This agreement shall take effect on the later of the two parties' acceptance date(s) signed by an officer of USI and by an authorized representative of CLIENT.

**15. TRAVEL EXPENSES**: All reasonable travel related expenses including air fare, hotel, meals, taxi, telephone, etc. incurred by USI on the behalf of CLIENT shall be reimbursed by CLIENT within ten (10) days after USI submits a written statement of actual expenses incurred. Travel expenses specifically include USI's time spent traveling during normal business hours.

Any time during the SOFTWARE implementation, CLIENT may elect to require pre-approval of USI's future travel expenses by notifying USI of such intent and defining a reasonable procedure for its administration.

**16. ADVERTISEMENT**: CLIENT authorizes USI to reference CLIENT's name and business association in published advertisement and public discussions as appropriate. USI agrees not to divulge CLIENT's proprietary information, trade secrets, or related data.

**17. MISCELLANEOUS**: Neither party shall disclose the terms and conditions of this agreement to third parties, (except CLIENT's auditors or third parties whose review is mandated by law) without prior written authorization from the other party.

All notices or writings required to be given pursuant hereto shall be deemed given, when actually delivered to an officer of the receiving party.

In the event that a court of competent jurisdiction holds that a particular provision or requirement of the agreement is in violation of any applicable law, each such provision or requirement shall be enforced only to the extent it is not in violation of such law or is not otherwise unenforceable, and all other provisions and requirements of this agreement shall remain in full force and effect.

No amendment to this agreement or waiver of any rights hereunder shall be effective unless in writing and signed by the party against whom enforcement is sought.

This agreement contains the entire understanding of the parties as to the subject matter hereof and merges and supersedes all prior discussions and agreements with respect thereto.

USI:                                              CLIENT:

_____                          _____
**Authorized Signature**                          **Authorized Signature**

_Dieter K Ungerboeck_                             _Gregory Kurman_
**Typed or Printed Name**                          **Typed or Printed Name**

_President_                                       _President_
**Title**                                          **Title**

_October 26, 2006_                                _Oct 22, 2006_
**Acceptance Date**                                **Acceptance Date**

## EBMS Software License Addendum

This Addendum shall attach to the Software License Agreement between Ungerboeck Systems, Inc. (USI) and Sunbound (CLIENT) dated DEC 22, 2006. In the event of a conflict between the two documents, this addendum shall prevail. All other terms and conditions apply.

CLIENT has option until March 31, 2007 to add the Purchasing, Accounts Payable, and General Ledger modules for the price of: $10,110 license fees and an increase of $3,555 maintenance fees during the first year.



CLIENT agrees that it has read this agreement, understands it, and agrees to be bound by it.

USI:

Authorized Signature

Dieter K. Ungerboeck
Typed or Printed Name

President
Title

October 26, 2006
Date

CLIENT:

Authorized Signature

Gregory Kirdian
Typed or Printed Name

President
Title

Oct 22, 2006
Date



# Investment Summary
## Sunbound

Valid To:
Sept. 30, 2006
Nr. 32946

| All Prices in USD | | | |
|---|---|---|---|
| **Number of Concurrent Users: 24** | | | |
| **EBMS Module License Fees** | | | **License Fee** |
| Event CRM | | ☐ | 7,900 |
| Contract Administration | | ☐ | 5,300 |
| Event Management & Coordination | | ☐ | 15,000 |
| Event Registration & Housing | | ☐ | 9,700 |
| Personnel Management | | ☐ | 4,600 |
| Inventory Management | | ☐ | 5,900 |
| Accounts Receivable | | ☐ | 5,900 |
| System Access Manager (Required) | | | 10,500 |
| | | List Price | 64,800 |
| | | Package Discount | 12,960 |
| | | **Total Module Price** | **51,840** |
| **IEBMS Web Services License** | | **Trans/Year** | **License Fee** |
| Includes all IEBMS web transactions for relevant modules purchased above | | 10,000 | 5,500 |

| **Implementation and Training** | **Daily Rate** | **Days** | |
|---|---|---|---|
| Business Process Review | 1,250 | 1 | Included |
| Data Collection | 1,250 | 1 | Included |
| System Configuration and Process Workshops | 1,000 | 1 | 1,000 |
| Web Configuration | 1,000 | 3 | 3,000 |
| Accounting training remote | 1,400 | 1 | 1,400 |
| End-User Training On-Site | 1,250 | 6 | 7,500 |
| System Manager Class (off-site) 2 days | 800 | 2 | 1,600 |
| Data Conversion | | 0 | TBD |
| Custom Reports | 1,400 | 1 | 1,400 |
| | Subtotal | 16 | 15,900 |
| Silver | Prepaid Service Pack Discount | 12.5% | 1,988 |
| | Total Implementation and Training | | 13,913 |

## Summary

| | | | |
|---|---|---|---|
| EBMS Module License Fees.............................................. | | $ | 51,840 |
| IEBMS Web Services License.............................................. | | $ | 5,500 |
| | **Total License Fees** | $ | 57,340 |
| Implementation & Training .............................................. | | $ | 13,913 |
| | **Total Initial Investment** | $ | 71,253 |
| First Annual Maintenance & Support (15% EBMS List Price + IEBMS Price + Interface) | | $ | 10,545 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **GKI MARKETING GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No.** |
| | ) | |
| **UNGERBOECK SYSTEMS** | ) | |
| **INTERNATIONAL, INC.** | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF DOUGLAS ARCHIBALD

County of St. Charles    }
                         }ss.
State of Missouri        }

Douglas Archibald, of full age, being duly sworn according to law, upon his oath, deposes and says:

1.    I am and have since June 2008 been employed as the Vice President of Professional Services, for Ungerboeck Systems International, Inc., located in the State of Missouri, County of St. Charles.

2.    Since 2006, GKI Marketing Group, Inc. has paid Ungerboeck Systems International, Inc. licensing fees for USI's Event Business Management Software (EBMS) and Microsoft SQL Server in the amount of $82,996.04.

3.    The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____    Date: 7/6/2009
Douglas Archibald, VP of Sales & Services

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GKI MARKETING GROUP, INC., a Florida corporation | UNGERBOECK SYSTEMS INTERNATIONA, INC., a Missouri corporation |

| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Howard M. Camerik, Esq., Gray Robinson, P.A., 401 East Las Olas Boulevard, Suite 1850, Fort Lauderdale, FL 33301 -- Telephone No.: (954) 761-8111 | Paul J. Lane, Esq., Paul J. Lane, P.A., 2755 East Oakland Park Boulevard, Fort Lauderdale, FL 33306 |

(d) Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

O:09CV60987-26ch
RSK

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☑ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Claims for fraud in inducement, rescission and restitution -- 28 U.S.C., Section 1332 and Section 1446

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  July 6, 2009

FOR OFFICE USE ONLY

AMOUNT 350 ___  RECEIPT # ___  IFP ___

546735